UNITED STATES COURT OF APPEALS

**Filed 11/21/96**

FOR THE TENTH CIRCUIT

In re JEAN H. WILKINSON,

Debtor.

_____

PHILIP E. CUSHMAN, JANETTE R. CUSHMAN,

Movants-Appellants.

No. 96-2005
(D.C. No. CIV 94-0510 LH/JHG)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellants are judgment creditors of the debtor. After debtor filed a pro se voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the District of New Mexico, appellants filed a motion to dismiss and for sanctions against debtor and her alleged attorney, Kenneth Egan. Appellants contended that debtor has filed six groundless bankruptcy petitions in several states in recent years and has abused the bankruptcy system. The trustee also filed a motion to dismiss. On April 18, 1994, the bankruptcy court granted the trustee's motion to dismiss without addressing appellants' motion for sanctions. Appellants filed a motion to reconsider the dismissal order, requesting that the order be modified to include sanctions against debtor and her attorney. The bankruptcy court denied appellants' motion on May 3, 1994. Appellants appealed the denial of their motion for reconsideration. Adopting the report and recommendation of the magistrate judge, the district court affirmed the bankruptcy court's denial of their motion.

Appellants now appeal to this court and allege that the bankruptcy court abused its discretion in a number of ways: (1) by failing to conduct a hearing regarding their request for sanctions; (2) by failing to make factual findings regarding the conduct of which they complain; (3) by failing to make specific

-2-

legal determinations; (4) by failing to sanction debtor and attorney Egan; (5) by failing to report attorney Egan to the state bar of New Mexico or the New Mexico Supreme Court's disciplinary board for violating the rules of professional conduct; and (6) by failing to recognize that allegedly egregious actions by debtor triggered the power of the court to impose appropriate sanctions. With the exception of the first and fourth claims, appellants also contend the district court abused its discretion as alleged in the remaining claims.

A bankruptcy court has the inherent power to impose sanctions for conduct abusive of the judicial system. Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.), 40 F.3d 1084, 1089-90 (10th Cir. 1994). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When a decision such as one to impose sanctions is left to the bankruptcy court's discretion, the district court and this court review that decision for an abuse of that discretion, and neither the district court nor this court will "disturb a bankruptcy court's decision unless we have a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances." United States v. Berger (In re Tanaka Bros. Farms, Inc.), 36 F.3d 996, 998 (10th Cir. 1994).

While we cannot condone debtor's actions as portrayed in appellants' brief, we cannot conclude, when reviewing the challenged rulings within the limited scope of review reserved for discretionary rulings, that the bankruptcy court and the district court abused their discretion in summarily denying the request for sanctions.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge